J-S24027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MOLLY KATHERINE MERSON, | : | |
| | : | |
| Appellant | : | No. 807 MDA 2017 |

Appeal from the Judgment of Sentence, March 30, 2017,
in the Court of Common Pleas of York County,
Criminal Division at No(s):  CP-67-CR-0002339-2016.

BEFORE:  OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.:                 **FILED JULY 11, 2018**

Molly Katherine Merson appeals from the judgment of sentence, entered after a bench trial, where she was convicted for possession of a controlled substance, possession of drug paraphernalia, and driving under the influence of a controlled substance.[1]  After careful review, we affirm.

On January 9, 2016, Trooper Jeffrey Simmons and his partner were on patrol in York County, when they observed a vehicle make a left-hand turn without using a turn signal.  The troopers activated their cruiser's emergency lights, initiating a traffic stop.  Merson was the operator of the vehicle.  After speaking with Merson, Trooper Simmons noticed that Merson's eyes were bloodshot and glassy, her speech was slurred, and she was acting nervously.

---

[1] 35 Pa.C.S.A. § 780-113(a)(16), 35 Pa.C.S.A. § 780-113(a)(32), and 75 Pa.C.S.A 3802(d)(2) respectively.

When asked why she was in the area when she lived in Maryland, Merson replied that she had been "down a rough road" and was "just driving around and stuff."

Both Troopers observed a pill bottle in Merson's vehicle. When Trooper Simmons inquired about the bottle, Merson replied that she had "a problem" and handed it to Trooper Simmons and relayed she believed the crushed substance was a combination of Xanax and Adderall. Merson later stated that she was a former addict and had been an on and off drug user. The bottle contained a small orange straw with residue on it and a crushed substance.

Suspecting Merson was under the influence of a controlled substance, Trooper Simmons asked Merson to exit the vehicle to conduct field sobriety tests. Merson failed both the "walk and turn" test and the "one leg stand" test. Trooper Simmons subsequently arrested Merson under the belief that she was driving under the influence of a controlled substance which rendered her incapable of safely operating the vehicle. After arresting Merson and placing her in the back of the cruiser, Trooper Rutter found a baggie in Merson's purse that contained a pill which she believed was either Suboxone or Xanax.

Following her convictions, the court sentenced Merson to six months intermediate punishment with the first seventy-two hours served under house arrest, concurrent with twelve months of probation. Merson filed a post-sentence motion on April 10, 2017, which the trial court denied. This timely

appeal followed. Both Merson and the trial court have complied with Pa.R.A.P. 1925.

Merson raises the following two issues on appeal:

1. The Commonwealth presented insufficient evidence to convict [Merson] under 75 Pa.C.S. § 3802(d)(2) because it failed to prove [Merson] was under the influence of drugs or a combination of drugs.

2. The Commonwealth presented insufficient evidence to convict [Merson] under 75 Pa.C.S. § 3802(d)(2) because it failed to prove [Merson] was incapable of safely driving a motor vehicle due to being under the influence of a controlled substance.

Merson's Brief at 4.

Both issues challenge the sufficiency of the evidence. Our standard of review when reviewing sufficiency of the evidence claims with respect to convictions under 75 Pa. C.S.A. § 3802(d)(2) was set forth by this Court in **Commonwealth v. Griffith**, 985 A.2d 230 (Pa. Super. 2009) as follows:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.
>
> Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty, and may sustain its burden by means of wholly circumstantial evidence. Significantly, we may not substitute our judgment for that of the factfinder; if the record contains support for the convictions they may not be disturbed. So long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates

the respective elements of a defendant's crimes beyond a reasonable doubt, his convictions will be upheld. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

The conviction challenges arose from application of the specific requirements of 75 Pa.C.S. § 3802(d)(2), and may be affirmed only to the extent that the evidence adduced established beyond a reasonable doubt that [his] conduct was proscribed by its provisions. Section 3802(d) defines the circumstances under which an individual who has consumed controlled substances alone or in combination or in combination with alcohol may not operate a motor vehicle. [The relevant portion of that] section provides as follows:

§ 3802. Driving under influence of alcohol or controlled substance

* * * *

(d) Controlled substances.--An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:

(2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(d).

*Griffith*, 985 A.2d at 233-234 (brackets and citations omitted).

In order to convict Merson of this offense, the Commonwealth had to prove beyond a reasonable doubt that: (a) Merson was under the influence of a drug or several drugs, and (b) due to the effects of the drug or drugs, she could not safely drive her car. Merson contends that the Commonwealth failed to show both of these elements.

Merson asserts that the facts set forth, connecting her behavior to controlled substances are "merely speculative and an unreasonable inference […]" Merson's Brief at 16. Merson implies that the Commonwealth needs direct evidence of drug use to convict her under §3802(d)(2), arguing that the Commonwealth cannot be absolved of "its burden to demonstrate [she] had drugs in her system at the time the troopers pulled her over." *Id*. at 14. Throughout her brief, Merson emphasizes "there is no proof in the record that [she] had any prescription medication in her system" and the no evidence "points to [her] having actually consumed a controlled substance." *Id.* at 12, 14.

We do not agree with either of Merson's arguments that direct evidence must exist to convict her of driving under the influence of a controlled substance or that no evidence shows she was under the influence of drugs. First, this Court has repeatedly held that no direct evidence is necessary for a conviction. *See* **Commonwealth v. DiPanfilo**, 993 A.2d 1262 (Pa. Super. 2010), (affirming the defendant's conviction under §3802(d)(2), when no blood test was taken); **Commonwealth v. Graham**, 81 A.3d 137 (Pa. Super. 2013). As noted in **Griffith** *supra*, the Commonwealth "may sustain its burden by means of wholly on circumstantial evidence." **Griffith**, 985 A.2d at 233.

We equally disagree with Merson's assertion that no evidence existed to support a finding that she ingested a controlled substance. On the contrary, myriad of circumstantial evidence exists to support such a conclusion. First,

the officer personally observed that Merson's eyes were glassy and blood shot, and her speech was slurred. She failed the field sobriety test because her balance and coordination were compromised. Merson admitted that "I have a problem" when she handed Trooper Simmons the pill bottle and later stated that she was an "on again off again" drug user. When the record contains support for the conviction, as it does here, we may not disturb that conviction. *Griffith*, *supra*. Although there was no eyewitness testimony or blood results to demonstrate that Merson ingested drugs, the Commonwealth introduced more than sufficient circumstantial evidence to prove she was under the influence of a controlled substance.

Merson chiefly relies on this Court's decision in *Commonwealth v. Etchison*, 916 A.2d 1169 (Pa. Super. 2007) to support her argument that there was insufficient evidence to show she ingested a controlled substance. In *Etchison*, the defendant was convicted for driving under the influence of drugs. 75 Pa.C.S.A § 3802(d)(2). In that case, the defendant was stopped after a trooper observed his vehicle traveling the wrong way on an exit ramp. The defendant failed the administered field sobriety tests, had glassy, bloodshot eyes, slurred speech and exhibited signs of nervousness. The defendant's blood test results further showed that his blood alcohol content was .05%, and there was also a presence of 53 nanograms of metabolites of cannabinoid.

This Court reversed the defendant's convictions. The Commonwealth's expert witness testified that the presence of drugs in the defendant's

bloodstream merely indicated that the drugs had been ingested at some previous unknown point in time, and the results could not demonstrate impairment at the time of the stop. *Id.* at 1172. Despite the trooper's testimony regarding the defendant's behavior and appearance, and in spite of the fact that the defendant was travelling the wrong direction on an exit ramp, this Court held that:

> the Commonwealth presented *no* evidence to support a conclusion that [defendant] was under the influence of a drug or combination of drugs **at the time he was stopped**, such that his ability was impaired. Thus, we hold there was insufficient evidence to convict [defendant] under Section 3802(d)(2).

*Id.* at 1172. (emphasis added)

At first glance, the facts in Merson's case seem similar to **Etchison.** For example, Officer Simmons testified that he personally observed that Merson's speech was slurred, and her eyes were glassy and bloodshot. Merson could not successfully complete either field sobriety test, and she had difficulty balancing, and following Trooper Simmons' instructions during the tests.

However, the defendant in **Etchison** did not have any controlled substances or drug paraphernalia on his person. Here, Trooper Simmons found a crushed pill, and a straw which presumably Merson used to snort the pill, readily visible in the front seat of the car when he stopped Merson for a traffic violation. When she handed the pill bottle to the trooper, Merson admitted that she "had a problem" and that she periodically used drugs. Further, another pill was found on Merson's person. Merson was also driving

around lost and aimless in York County, Pennsylvania although she lived in Maryland, and she failed to use her left turn signal, suggesting she may have been cognitively impaired from ingesting a controlled substance. Here, unlike in **Etchison**, the Commonwealth produced sufficient evidence that she was under the influence at the time she was stopped.

In her second issue on appeal, Merson contends that insufficient evidence exists that demonstrated she was unable to safely operate her vehicle on the night in question. We disagree. Although failing to signal while turning, alone, may not suffice, the Commonwealth produced additional evidence to prove beyond a reasonable doubt that Merson could not safely drive her vehicle. Law enforcement need not wait until a vehicle is in an accident to conclude the driver is not capable of driving competently. In **Commonwealth v. Palmer**, 751 A.2d 223 (Pa. Super. 2000), we held that:

> Evidence that the driver was not in control of himself, such as failing to pass a field sobriety test, may establish that the driver was under the influence of alcohol to a degree which rendered him incapable of safe driving, notwithstanding the absence of evidence of erratic or unsafe driving.

**Id.** at 228 (citations omitted).

We believe the logic articulated in **Palmer** equally applies here. Merson failed two field sobriety tests. This failure indicates that Merson did not have physical control over her body and the degree of impairment rendered her incapable of safely driving.

Upon review, we conclude that based on the totality of the circumstances, viewing the evidence in the light most favorable to the

Commonwealth as verdict winner, the evidence was sufficient to sustain Merson's conviction under section 3802(d)(2).

Judgment of sentence affirmed.

Judge Musmanno joins.

Judge Olson concurs in result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 07/11/18